

**Buzko Krasnov**

Buzko Krasnov
228 Park Ave S #85451
New York, NY 10003-1502
info@buzko.legal

January 28, 2023

*Via email*

Philip Devine
contact@cryptoblades.finance

     **RE:    Tenzor's Investment in CryptoBlades Kingdoms**

Dear Mr. Devine,

Our firm represents Tenzor Capital. Tenzor invested $300,000 via a Simple Agreement for Future Tokens ("**SAFT**") in Riveted Games LLC's product, CryptoBlades Kingdoms ("**Product**"). We believe that you have breached your duties under the SAFT. This letter is a demand that you provide updates and other relevant information relating to the SAFT or refund Tenzor's investment.

On August 27, 2021, Riveted Games entered into the SAFT with Tenzor. The SAFT provides that in exchange for $300,000, Tenzor receives 15,000,000 KING tokens ("**Tokens**"). According to section 4(c) of the SAFT, Tenzor has entered into the agreement "with the predominant expectation that he, she or it, as the case may be, will profit upon the successful development and Network Launch arising from the efforts of the Company and its employees to develop and market the [network] and the [Network Launch] and related sale of Tokens."

Your conduct has significantly undermined this expectation. First, in your roadmap, you promised by Q4 2021 to publish a Stream Game Platform, release PVP and PVE Rewards, release guilds, guild halls, and guild battles, and launch a multi-chain mainnet, none of which have been performed by the dates specified in the roadmap. Tenzor has made the investment and entered into the SAFT with reliance on these promises and an expectation of profits from the team's efforts.

By failing to develop the Product, you have breached the implied covenant of good faith and fair dealing inherent in the SAFT, severely undermining Tenzor's expectation of profits from it. Under South Carolina law, which governs the SAFT, "there exists in every contract an implied covenant of good faith and fair dealing." *Commercial Credit Corp. v. Nelson Motors, Inc.*, 247 S.C. 360, 366-67 (1966); *see also Williams v. Riedman,* 339 S.C. 251, 267 (Ct. App. 2000). "Moreover, there is an implied undertaking in every contract on the part of each party that it will not intentionally and purposely do anything to prevent the other party from carrying out its part of the agreement, or do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Burdette v. Turner,* No. 2004-UP-059, 2004 S.C. App. Unpub. LEXIS 187, at *8-9 (Ct. App. Jan. 29, 2004).

Second, it was material for Tenzor's investment decision to know whether you plan to stop developing the product, pivot to unrelated side projects without any notice to investors, or pay

EXHIBIT C

unreasonably high salaries to your team. Tenzor relied on your representations when making an investment in Riveted Games. Typically, a securities fraud action under § 10(b) (15 U.S.C.S. § 78j(b)) of the Securities and Exchange Act of 1934 requires a plaintiff to prove six elements: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation. *See Jones v. Southpeak Interactive Corp.*, 777 F.3d 658, 662 (4th Cir. 2015).

You made multiple promises regarding your plans to develop the Product to investors, and these were not "puffing," but material representations. You misstated your true intentions to accumulate money and abandon the project with scienter. "If a reasonable investor, exercising due care, would gather a false impression from a statement, which would influence an investment decision, then the statement satisfies the initial element of a 10(b) claim. In particular contexts when it is both factual and material, [opinion or puffery] may be actionable." *Epstein v. World Acceptance Corp.*, No. 6:14-cv-01606-MGL, 2015 U.S. Dist. LEXIS 64494, at *15 (D.S.C. May 18, 2015).

You have acted and continue to act in bad faith toward your investors, which undermines the fundamental reason for Tenzor's investment – an expectation of profiting from your efforts. Tenzor reserves its legal and equitable rights, including bringing a lawsuit against you for fraudulent inducement, breach of the implied covenant of good faith and fair dealing, securities fraud, unjust enrichment, and other claims under both South Carolina and federal law. You must immediately provide Tenzor with details regarding (1) reasons for overdue roadmap promises, (2) up-to-date information on remaining funds from investments, (3) expenses, including salary tables for your team, and (4) your financial plan for the next year if you believe that you are not in breach of the SAFT.

Alternatively, Tenzor agrees to return its Tokens to you for a refund of the full purchase price of $300,000. To arrange for this refund, please contact the undersigned.

If you fail to comply with this demand by February 15, 2023, Tenzor reserves the right to initiate legal action.

Sincerely,

DocuSigned by:

*Filipp Petkevitch*

A49A8953101149B

Filipp Petkevitch
Attorney
Buzko Krasnov
filipp.petkevitch@buzko.legal

EXHIBIT C