**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Tenzor Capital,<br><br>        Plaintiff,<br>  v.<br><br>Riveted Games, LLC and Philip Devine,<br><br>        Defendants. | Case No. 2:24-cv-955-RMG<br><br><br>**ORDER** |

      This matter is before the Court on Plaintiff Tenzor Capital's motion for default judgment as to Defendants Riveted Games, LLC and Philip Devine ("Defendants"). (Dkt. No. 24). For the reasons below, the Court grants the default judgment motion against Defendants.

**I. Background**

      Plaintiff brings this action alleging that Defendants, among other things, breached their contractual obligations. (Dkt. No. 19). Plaintiff's causes of action include breach of implied covenant of good faith and fair dealing, restitution and unjust enrichment, fraudulent misrepresentation, conversion, fraud in the inducement, violation of section 10(b) of the Exchange Act and rule 10b-5, and piercing the corporate veil. (Dkt. No. 19). Plaintiff seeks compensatory and punitive damages. Plaintiff alleges that on August 27, 2021, it agreed to invest $350,000 for 17,500,000 CryptoBlades KING tokens ("Tokens") pursuant to two Simple Agreement for Future Tokens ("SAFT") signed by Plaintiff and Defendants. (Dkt. No. 19). Plaintiff contends that Defendants made explicit and implicit promises to further develop and market a video game called CryptoBlades Kingdoms ("video game"), include the Tokens in the game, and place the Tokens on an exchange, all in an effort to increase the value of the Token. (Dkt. No. 19 at ¶¶ 25, 29). Plaintiff alleges that it invested the money based on promises the Defendants made in a pitch deck,

the SAFTs, and personal assurances of Defendant Devine. (Dkt. No. 19 at ¶ 44). As a result of Defendant's actions, Plaintiff alleges that it lost the entire value of the $350,000 investment. (Dkt. No. 19 at ¶ 47).

On September 10, 2024, Plaintiff filed the amended complaint and served the Defendants. (Dkt. Nos. 19, 21). Defendants have not appeared or participated in this action. On November 12, 2024, the Clerk entered default against Defendants. (Dkt. No. 23). On January 13, 2025, Plaintiff moved for default judgment against Defendants seeking damages. (Dkt. No. 24). The Court directed Plaintiff to serve Defendants with a copy of the default judgment motion and all supporting documents, and file evidence of service. (Dkt. No. 26). On January 23, Plaintiff filed an affidavit of service of the default judgment motion to Defendants. (Dkt. No. 28). Plaintiff's motion is fully briefed and ripe for disposition.

**II. Standard**

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure, which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed R. Civ. P. 55(a). Default judgment against a defendant is also proper "[w]here, either by its conduct or its direct representations to the court, a defendant demonstrates a clear intention to abandon its defense of an action." *Koch v. Rodenstock*, No. 06CIV06586BSJDF, 2007 WL 9818004, at *3 (S.D.N.Y. Aug. 14, 2007); *see also Mfrs. Life Ins. Co. v. Continental Software, Inc.*, No. 85 Civ. 1070E, 1988 WL 43924, at *1 (W.D.N.Y. May 2, 1988) (granting default judgment after defendant "notified [the] Court and the plaintiff that it was no longer going to defend this action and would thus default in appearance at trial."). A Rule 55(b) Default Judgment is appropriate where the Court determines

that "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 Fed. Appx. 257, 258 (4th Cir. 2006) (emphasis in original). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Fdn. for Advancement, Educ. & Empl't of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action."). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 Fed. Appx. at 258 (internal quotation marks omitted). The Court may conduct this analysis by putting the Complaint to the Rule 12(b)(6) standard. *See, e.g., Commodity Futures Trading Comm'n v. Dupont*, No. 8:16-cv-02358-TMC, 2018 WL 3148532, at *5 (D.S.C. June 22, 2018).

**III. Discussion**

The Court finds that Plaintiff properly served Defendant with the summons and complaint by personal service and by delivery to a suitable resident, pursuant to Rule 4(e)(1) and Rule 4(e)(2). (Dkt. Nos. 21). The Court finds that Plaintiff also properly served Defendants with the motion for default judgment. (Dkt. No. 28).

Because default was properly entered against Defendant pursuant to Rule 55(b), the Court "must accept all well-pleaded factual allegations in [the complaint] as true." *Fosberry v. Coyle Bus. Prods., Inc.*, 2:10-cv-0799-RMG, 2012 WL 1533550, at *2 (D.S.C. Apr. 30, 2012). The Court finds that Plaintiff made well-pleaded allegations of breach of implied covenant of good faith and

fair dealing, restitution and unjust enrichment, fraudulent misrepresentation, conversion, fraud in the inducement, and violation of section 10(b) of the Exchange Act and rule 10b-5. Additionally, the Court finds the Plaintiff has plead facts sufficient to pierce the corporate veil of Defendant Riveted Games, LLC. Therefore, judgment in favor of Plaintiff is warranted on the claims made in the complaint.

### A. Piercing the Corporate Veil

Piercing the corporate veil is an equitable remedy that is not itself a separate cause of action, but allows liability to be imposed on a corporation, normally a separate legal entity, for an underlying cause of action against a corporation's shareholders, owners or subsidiaries. *See Thomas v. Peacock*, 39 F.3d 493, 499 (4th Cir.1994) (overruled on other grounds by *Peacock v. Thomas*, 516 U.S. 349 (1996). However, though not a substantive cause of action, "the doctrine of piercing the corporate veil is not a mere procedural rule relating to 'how' a judgment is to be enforced, but is, rather, a substantive rule of liability." *Id*.

The Fourth Circuit has adopted the "liberal veil-piercing standard," which was articulated by the First Circuit in *Alman v. Danin,* 801 F.2d 1, 3–4 (1st Cir.1986). *See also, Thomas* at 504. In *Alman*, the First Circuit held (and the Fourth Circuit later adopted in *Thomas* ) that:

> There is no litmus test in the federal courts governing when to disregard corporate form. The Supreme Court has, however, provided some guidance, stating that "the doctrine of corporate entity, recognized generally and for most purposes, will not be regarded when to do so would work fraud or injustice." The Court has further indicated that corporate form may not defeat overriding federal legislative policies. *Id*. (quoting *Alman*, 801 F.2d at 3–4 (internal citations omitted)). Therefore, "a corporate entity may be disregarded in the interest of public convenience, fairness and equity." *Id*.

While the Court finds that piercing the corporate veil is not a rigid test with certain factors that must be met, in making the decision as to whether a corporate veil should be pierced, the Court

must engage in an intensely factual inquiry as to corporate form, governance, domination, control and finances. *See In re Cnt'y Green Ltd. P'ship*, 604 F.2d 289, 292 (4th Cir.1979). Therefore, the "decision to pierce the corporate veil depends largely on the resolution of questions of fact"

Here, Plaintiff alleges, and the Court accepts as true, that Defendant Riveted Games was grossly undercapitalized, failed to observe corporate formalities, paid no dividends, was functionally insolvent, allowed for the siphoning of corporate funds, lacked corporate records and was used as a mere facade by Defendant Devine. (Dkt. No. 19 at ¶ 84). Therefore, the Court finds that Plaintiff's action pierces the corporate veil of Defendant Riveted Games, LLC.

### B. Compensatory Damages

When the Court "determines that liability is established and default judgment is warranted, then it must make an independent determination of the appropriate amount of damages." *United States v. John Hudson Farms, Inc.*, 2018 WL 4119950, at *5 (E.D.N.C. Aug. 29, 2018). Plaintiff moves for an entry of default judgment in the amount of $350,000 under the SAFTs and punitive damages in the amount of $1,400,000 for Plaintiff's fraudulent misrepresentation and fraudulent inducement to contract claims. (Dkt. No. 19 at ¶¶ 71, 79; Dkt. No. 19 at 14).

Plaintiff credibly represents that $350,000 is the amount owed as it relates to the SAFTs. (*See* Dkt. No. 19-1) (SAFTs between Riveted Games and Tenzor); *DirecTV, Inc. v. Yancey*, No. Civ. A. 404CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (concluding that a hearing was "not required to enter default judgment" because Plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"); *JTH Tax, Inc. v. Smith*, No. 2:06CV76, 2006 WL 1982762, at *3 (E.D. Va. June 23, 2006) (holding that damages could be awarded without hearing upon default judgment against Defendant because Plaintiff submitted invoices documenting the money owed to Plaintiff).

Accordingly, as to Counts I-VI, Plaintiff has established liability regarding the following claims: breach of implied covenant of good faith and fair dealing, restitution and unjust enrichment, fraudulent misrepresentation, conversion, fraud in the inducement, violation of section 10(b) of the Exchange Act and rule 10b-5. Thus, the Court directs the Clerk to enter judgement for Plaintiff against Defendants Riveted Games, LLC and Philip Devine in the amount of $350,000 plus interest and costs.

C. **Punitive Damages**

The Court now addresses Plaintiff's claim for punitive damages related to counts three and five—fraudulent misrepresentation and fraudulent inducement to contract.

Punitive damages are available in cases where the evidence supports the finding of fraud. *Elders v. Parker*, 332 S.E.2d 563 (Ct. App. 1985). Under S.C. Code Ann. § 15-33-135, the plaintiff has the burden of proving punitive damages "by clear and convincing evidence." This is "the highest burden of proof known to the civil law." *Mellen v. Lane*, 377 S.C. 261, 290, 659 S.E.2d 236, 251 (Ct. App. 2008). Punitive damages can only be awarded where the plaintiff proves by clear and convincing evidence the defendant's misconduct was willful, wanton, or in reckless disregard of the plaintiff's rights. *Taylor v. Medenica*, 324 S.C. 200, 220 (1996); *Lister v. NationsBank of Delaware*, 329 S.C. 133, 149 (Ct. App. 1997). "Such measure of proof is intermediate, more than a mere preponderance but less than is required for proof beyond a reasonable doubt; it does not mean clear and unequivocal." *Anonymous v. State Bd. of Med. Exam'rs*, 329 S.C. 371, 374 n. 2 (1998).

Plaintiff argues punitive damages are warranted. Plaintiff states that prior to entering the SAFT, Defendants deliberately concealed the fact that they did not plan on increasing the value of the Tokens. (Dkt. No. 19 at ¶ 74). Plaintiff also notes that it "would not have agreed to the SAFTs

6

with Riveted Games but for its reliance on Riveted Games's and Devine's material statements that the goals set out in the Roadmap would be achieved, and that Riveted Games and Devine would develop the project" (Dkt. No. 19 at ¶ 75). Specifically, Plaintiff states, "Riveted Games and Devine fraudulently misrepresented to Tenzor that, by Q4 2021, Riveted Games and Devine would publish a Stream Game Platform, release PVP and PVE Rewards, release guilds, guild halls, and guild battles, and launch a multi-chain mainnet. Additionally, Riveted Games and Devine fraudulently misrepresented to Tenzor that they would be marketing and developing CryptoBlades Kingdoms." (Dkt. No. 19 at ¶ 71).

Plaintiff has shown that Defendants failed to meet any of the stated milestones and did not develop or market the video game. (Dkt. No. 19 at ¶¶ 42, 45, 48, 49). Almost a year after signing the SAFTs and promising to develop the video game, Defendant made no progress in developing or marketing the game. (Dkt. No. 19 at ¶ 42). In February 2023, a year and a half after signing the SAFTs, Plaintiff messaged Defendant Devine with questions regarding the status of the video game, and Defendant Devine responded with more promises about the marketing campaign and revenue model. (Dkt. No. 19 at ¶ 43). Plaintiff has also provided the website for the video game, and it is offline; the 2021 archived version also lacks the features that were promised by Defendants. (Dkt. No. 19 at ¶ 49).

In support of an award of punitive damages, Plaintiff cites various cases for the proposition that "South Carolina courts have upheld punitive damages awards in cases where the defendant's conduct resulted solely in economic harm." (Dkt. No. 24 at 15). *See, e.g., Collins Entertainment Corp. v. Coats and Coats Rental Amusement*, 355 S.C. 125, 128 (Ct. App. 2003) (upholding award of punitive damages for interference with contractual relations).

The Court finds that Plaintiff has provided clear and convincing evidence sufficient to state a claim for fraudulent misrepresentation and fraud in the inducement.

Plaintiff requested a punitive damage award four times the amount of actual damages, or $1,400,000. (Dkt. No. 24 at 14). Plaintiff argues that S.C. Code Ann. § 15-32-530(B)(1)-(2) is applicable here because Defendant was "motivated primarily by unreasonable financial gain" and "the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was known or approved by the managing agent." However, S.C. Code Ann. § 15-32-530(B)(1)-(2) is applicable when "the jury returns a verdict for punitive damages in excess of the maximum amount." Here, there is no jury verdict and therefore, punitive damages are limited to three times the amount of compensatory damages ($1,050,000) pursuant to S.C. Code Ann. § 15-32-530(A).

In addition to statutory limitations, the constitutionality of punitive damages is reviewed under the due process clause to determine if they are "grossly excessive." *Watkins v. Lundell*, 169 F.3d 540, 545 (8th Cir. 1999) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 560 (1996)). The Supreme Court has outlined three guideposts to determine if punitive damages are grossly excessive: (1) the degree of reprehensibility of the parties' actions; (2) the ratio between the actual harm inflicted and the punitive damages; and (3) the difference between the punitive damages and the civil penalties authorized or imposed in comparable cases. *BMW*, 517 U.S. at 575. Here, Defendants are liable to knowingly misrepresented material facts to induce Plaintiff into signing an agreement that Defendants had no plans of honoring. (Dkt. No. 19). The ratio between the harm inflicted ($350,000) to the potential punitive damages ($1,050,000) is three to one and is within the range of other comparable cases. *See Lister v. NationsBank of Delaware, N.A.*, 329 S.C. 133, 152 (Ct. App. 1997) (finding that a punitive award 23.42 times the actual damages award was with

the constitutional accepted range for fraud and unauthorized charges on Plaintiff's credit card); *Collins Entm't Corp. v. Coats & Coats Rental Amusement*, 584 S.E.2d 120, 129 (Ct. App. 2003) (affirming award for punitive damages, approximately ten times the award for actual damages, for intentional interference with a contract, where defendant's conduct caused financial harm by breaching a video poker lease agreement).

Therefore, the Court finds that default judgment is warranted and awards Plaintiff $350,000 in compensatory damages and $1,050,000 in punitive damages.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment against Defendants Riveted Games, LLC and Philip Devine. (Dkt. No. 24). Judgment is to be entered against Defendants in the amount of $350,000 as to Counts I-VI and punitive **damages** are awarded in the amount of $1,050,000 as to Counts III and V.

**AND IT IS SO ORDERED.**


  s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

January 31, 2025
Charleston, South Carolina